# Litigation Responsibility of the Attorney General in Cases in the International Court of Justice

Under 28 U.S.C. §§ 516 and 519, the conduct and supervision of litigation in which the United States is a party is reserved to the Attorney General, except as otherwise authorized by law; under 5 U.S.C § 3106, other agencies shall not conduct litigation, but shall refer the matter to the Department of Justice.

The Attorney General's authority and responsibility to conduct litigation extends to litigation in foreign and international tribunals, including litigation affecting foreign relations of the United States, and contentious litigated proceedings before the International Court of Justice are thus within his supervisory power.

April 21, 1980

THE LEGAL ADVISER OF THE DEPARTMENT OF STATE

MY DEAR SIR: I have your letter of March 7, 1980, concerning representation of the United States in the International Court of Justice. The letter and attached memorandum raise the question of the applicability of the litigation responsibility of the Attorney General to cases in the International Court of Justice.

Two provisions, 28 U.S.C. §§ 516 and 519, reserve to the Attorney General "the conduct of litigation in which the United States . . . is a party." A third, 5 U.S.C. § 3106, states the obverse of the same proposition—that other agencies shall not conduct litigation in which the United States is party but shall refer the matter to the Department of Justice. All three allow for exceptions "as otherwise authorized by law."

It seems plain that bringing a contentious or litigated proceeding before the International Court of Justice, as was done in *United States* v. *Iran*, is the conduct of litigation in which the United States is a party. In any case concerning the interpretation of a statute, the starting point must be the language of the statute itself. *Lewis* v. *United States*, 48 U.S.L.W. 4205, 4207 (U.S. Feb. 27, 1980). You suggest, however, that this principle ought not conclude the matter, and we therefore turn to the reasons that you offer.

Your memorandum analyzes the legislative history of the pertinent statutes and concludes that 28 U.S.C. § 516 is not applicable here. You point out that the 1966 codification was not intended to change the

233

law. S. Rep. No. 1380, 89th Cong., 2d Sess. 20–21 (1966).[1] Neverthe-
less, the analysis concerning § 516 of Title 28, states, "The section
concentrates the authority for the conduct of litigation in the Depart-
ment of Justice." S. Rep. No. 1380, *supra*, at 205 which now appears as
28 U.S.C. § 516, note.[2] In commenting on this provision, the courts
have recognized that the Attorney General's litigation power was
meant to be "pervasive," *S & E Contractors, Inc.* v. *United States*, 406
U.S. 1, 12 (1972), and "[i]f any [litigation] is conducted, it shall be done
by the Department of Justice." *United States* v. *Daniel, Urbahn, Seelye
and Fuller*, 357 F. Supp. 853, 858 (N.D. Ill. 1973).

It is true that the section was revised "to express the effect of the
law," 28 U.S.C. § 516, note. If there had been preexisting law "other-
wise authorizing" the State Department to conduct litigation independ-
ent of the Attorney General, then a different result would be indicated.
Such authorization must be specific, however, to be viewed as an
exception to "the Attorney General's plenary power over government
litigation." *ICC* v. *Southern Ry. Co.*, 543 F.2d 534, 537–38 (5th Cir.
1976). Not only is there no preexisting statute, but it appears that there
is no formal opinion or agreement covering this matter that could be
viewed as having the status of law.[3]

You suggest that the statute is limited in its applicability to domestic
courts and that another interpretation would interfere with the ability
of the Secretary of State to conduct the foreign affairs of the United
States. The responsibility of the Attorney General has not, however,
been limited to litigation in domestic courts. 28 C.F.R. § 0.46. This
Department regularly supervises litigation in courts in foreign countries.
Such litigation frequently raises questions of international law and af-
fects foreign relations of the United States. Domestic litigation has also
involved both foreign relations and international law questions fully as
much as cases in the International Court of Justice.[4] This fact does not,
however, lessen the responsibility of the Attorney General for the
conduct of such litigation. At the same time, the Department of Justice

---

[1] The statements you cite in the committee reports, which indicate that there are no "substantive changes," refer directly to the enactment of Title 5 and not to amendments to Title 28.

[2] The language of the law conferring litigation authority prior to 1966 was narrower, referring only to suits in the Supreme Court and the Court of Claims. 5 U.S.C. § 306 (1964).

[3] The effect and relevance of the early practice cited is not clear since, with the establishment of the Department of Justice in 1870, the Attorney General assumed responsibility for the legal work of the Department of State. Until 1931, the Solicitor of the State Department was an employee of the Department of Justice. R. Bilder, *The Office of the Legal Adviser*, 56 Am J. Int'l L. 633, 634 (1962). The last significant litigated or contentious case prior to 1966, when § 516 was enacted, was *Interhandel*, which lasted from 1957 to 1959, and where representatives of both the Justice and State Departments appeared as co-agents. *See* 1957 I.C.J. 105, 107–08. The present case, *United States Diplomatic and Consular Staff in Tehran*, is the first contentious case in the I.C.J. involving the United States since enactment of 28 U.S.C. § 516. Other United States involvement in International Court of Justice proceedings since 1966 has related to advisory opinions.

[4] For example, a proposed treaty would vest the International Court of Justice with jurisdiction to resolve fisheries and Outer Continental Shelf boundary disputes with Canada. The issues closely resemble litigation conducted by the Department of Justice presenting the very kinds of issues, both factual and legal, that are raised in domestic litigation.

recognizes the need for close cooperation with the State Department on matters affecting foreign relations or with any other agency which has specialized experience necessary to the conduct of litigation.

I conclude, therefore, that litigated proceedings before the International Court of Justice are within the supervisory power committed to the Attorney General by 28 U.S.C. §§ 516, 519, and 5 U.S.C. § 3106. This does not mean, of course, that this Department intends to carry out this responsibility without the fullest participation by your Office. We look forward to such a continuing relationship.

Sincerely,

BENJAMIN R. CIVILETTI

235